ORIGINAL

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

SEP 30 2011

RECEIVED

FILED
SEP 30 2011

CLERK

11-1355

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

VERIZON,

        Appellant,

        v.

FEDERAL COMMUNICATIONS
COMMISSION,

        Appellee.

Case No. 11-_____

## NOTICE OF APPEAL

Pursuant to 47 U.S.C. § 402(b) and (c) and Rule 15(a) of the Federal Rules

of Appellate Procedure, Verizon[1] hereby appeals the final order of the Federal

Communications Commission ("FCC" or "Commission") captioned *In the Matter*

*of Preserving the Open Internet; Broadband Industry Practices*, Report and Order,

GN Docket No. 09-191, WC Docket No. 07-52 (rel. Dec. 23, 2010) ("*Order*").

The *Order* was published in the Federal Register on September 23, 2011. 76 Fed.

Reg. 59192. A copy of the full text of the *Order* is attached as Exhibit A.

In the *Order*, the FCC formally adopts rules that regulate the broadband

Internet access services offered by wireless and wireline providers. The *Order*

---

[1]     The Verizon companies participating in this filing are Cellco Partnership,
d/b/a Verizon Wireless, and the regulated, wholly-owned subsidiaries of Verizon
Communications Inc.

directly responds to this Court's decision in *Comcast Corp. v. FCC*, 600 F.3d 642 (2010). In *Comcast*, this Court previously held that the FCC had failed to justify its exercise of authority over the broadband Internet access services at issue in that case. *Id.* at 644, 661. In the *Order* on appeal here, the FCC responds to the Court's decision and again attempts to justify its assertion of regulatory authority over broadband Internet access services. *See Order* ¶¶ 42, 118, 122 & n.380; *id.* ¶¶ 115-37.

This Court possesses exclusive jurisdiction over Verizon's challenge to the *Order* because Verizon "hold[s]" wireless spectrum "license[s] which ha[ve] been modified . . . by the Commission." 47 U.S.C. § 402(b)(5). In the *Order*, the Commission expressly relied on its claimed authority to "change the license . . . terms," *Order* ¶ 133, and "to impose new requirements on existing licenses beyond those that were in place at the time of grant," *id.* ¶ 135, in order to mandate compliance with the new rules adopted therein, *id.* ¶¶ 93-106. The *Order* thus "modified" Verizon's licenses and is subject to appeal under Section 402(b)(5). *See, e.g., Functional Music, Inc. v. FCC*, 274 F.2d 543, 547-48 (D.C. Cir. 1958) (holding that modification of licenses effected in rulemakings are appealable under Section 402(b)(5)).

Moreover, as this Court has explained, "the provisions for judicial review contained in §§ 402(a) and 402(b) are mutually exclusive, so that a claim directed

2

to the same matters may be brought only under one of the two provisions," *Tribune Co. v. FCC*, 133 F.3d 61, 66 n.4 (D.C. Cir. 1998) (internal citations and quotation marks omitted); *see also N. Am. Catholic Educ. Programming Found., Inc. v. FCC*, 437 F.3d 1206, 1208 (D.C. Cir. 2006), and Commission orders are challengeable only "as an inseparable whole," *id.* at 1210; *see also Rhode Island Television Corp. v. FCC*, 320 F.2d 762, 766 (D.C. Cir. 1963) (explaining that "a given order may not be reviewed in two separate cases"). Further, "§ 402(a) is a residual category," such that jurisdiction exists under that provision "only if § 402(b) does *not* apply." *WHDH, Inc. v. United States*, 457 F.2d 559, 560-61 (1st Cir. 1972) (emphasis in original); *see also N. Am. Catholic*, 437 F.3d at 1208 ("Section 402(b) provides for appeals of FCC orders in nine enumerated situations, including licensing. For all *other* final orders of the Commission, § 402(a) provides . . . review . . . ." (emphasis added)). Thus, jurisdiction to review Verizon's challenge to the entire *Order* lies exclusively with this Court under Section 402(b)(5).

Verizon, which participated in the proceeding below, is a provider of both wireline and wireless broadband Internet access services subject to the regulations adopted by the *Order*, and it holds licenses that were modified by the *Order*. Verizon thus is aggrieved by the *Order* and possesses standing to challenge it.

Verizon seeks relief on the grounds that the *Order*: (1) is in excess of the

Commission's statutory authority; (2) is arbitrary, capricious, and an abuse of discretion within the meaning of the Administrative Procedure Act; (3) is contrary to constitutional right; and (4) is otherwise contrary to law.

Accordingly, Verizon respectfully requests that this Court hold unlawful, vacate, enjoin, and set aside the *Order*, and provide such additional relief as may be appropriate.

Respectfully submitted,

By: _Helgi Walker_

Helgi C. Walker*
Eve Klindera Reed
William S. Consovoy
Brett A. Shumate
**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006
TEL: (202) 719-7000
FAX: (202) 719-7049

Michael E. Glover
Edward Shakin
William H. Johnson
1320 North Courthouse Road
9th Floor
Arlington, VA 22201
TEL: (703) 351-3060
FAX: (703) 351-3670

John T. Scott, III
William D. Wallace
1300 I Street, NW
Suite 400 West
Washington, DC 20005
TEL: (202) 589-3770
FAX: (202) 598-3750

*Attorneys for Verizon and Verizon Wireless*

Samir C. Jain
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Ave., NW
Washington, DC 20006
TEL: (202) 663-6083
FAX: (202) 663-6363

Walter E. Dellinger
Brianne Gorod
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
TEL: (202) 383-5300
FAX: (202) 383-5414

Dated:      September 30, 2011

* *Counsel of Record*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 26.1 of this Court, Verizon hereby submits the following corporate disclosure statement:

The Verizon companies participating in this filing are Cellco Partnership, d/b/a Verizon Wireless, and the regulated, wholly-owned subsidiaries of Verizon Communications Inc. Cellco Partnership, a general partnership formed under the law of the State of Delaware, is a joint venture of Verizon Communications Inc. and Vodafone Group Plc. Verizon Communications Inc. and Vodafone Group Plc indirectly hold 55 percent and 45 percent partnership interests, respectively, in Cellco Partnership. Both Verizon Communications Inc. and Vodafone Group Plc are publicly-traded companies. Verizon Communications Inc. has no parent company. No publicly held company owns 10 percent or more of Verizon Communications Inc.'s stock. Insofar as relevant to this litigation, Verizon's general nature and purpose is to provide communications services, including broadband Internet access services provided by its wholly-owned telephone company and Verizon Online LLC subsidiaries and by Verizon Wireless.