## ORAL ARGUMENT NOT YET SCHEDULED

## Case Nos. 11-1355, 11-1356, 11-1403, 11-1404, and 11-1411

## UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

## VERIZON,
### Appellant,

### v.

## FEDERAL COMMUNICATIONS COMMISSION,
### Appellee.

---

## INDEPENDENT TELEPHONE AND TELECOMMUNICATIONS PROVIDERS *ET AL.*,
### Intervenors.

On Appeal of an Order of
The Federal Communications Commission

---

REPLY BRIEF OF APPELLANTS/PETITIONERS
METROPCS COMMUNICATIONS, INC. *ET AL.*

---

Carl W. Northrop
Michael Lazarus
Andrew Morentz
TELECOMMUNICATIONS LAW
PROFESSIONALS PLLC
875 15th Street, NW, Suite 750
Washington, DC  20005
(202) 789-3120

Stephen B. Kinnaird
*Counsel of Record*
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC  20005
(202) 551-1842
stephenkinnaird@paulhastings.com
(continued on inside cover)

Mark A. Stachiw
General Counsel, Secretary,
  and Vice Chairman
METROPCS COMMUNICATIONS, INC.
2250 Lakeside Boulevard
Richardson, TX 75082
Telephone: (214) 570-5800

Attorneys for Appellants/Petitioners
METROPCS COMMUNICATIONS, INC.;
METROPCS 700 MHZ, LLC;
METROPCS AWS, LLC;
METROPCS CALIFORNIA, LLC;
METROPCS FLORIDA, LLC;
METROPCS GEORGIA, LLC;
METROPCS MASSACHUSETTS, LLC;
METROPCS MICHIGAN, INC.;
METROPCS NETWORKS CALIFORNIA, LLC;
METROPCS NETWORKS FLORIDA, LLC;
METROPCS TEXAS, LLC; AND
METROPCS WIRELESS, INC.

December 21, 2012

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES......................................................................II

GLOSSARY .............................................................................................IV

STATUTES AND REGULATIONS ......................................................... V

SUMMARY OF ARGUMENT................................................................. 1

ARGUMENT ........................................................................................... 3

    I.     The Commission Can Only Regulate In The Public Interest
          When It Exercises Specific Delegated Statutory Authority ............... 3

    II.    The Commission Lacks Specific Title III Authority To
          Promulgate The Mobile Internet Rules .............................................. 4

          A.     Section 303(b) Cannot Sustain The Mobile Internet Rules ...... 5

          B.     Section 316 Does Not Apply And Would Not Authorize
                These Fundamental Changes To Network Access
                Practices.................................................................................. 8

CONCLUSION ...................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

CASES

*Cellco P'ship v. FCC,*
   No. 11-1135, 2012 WL 6013416
   (DC Cir. Dec. 4, 2012) ("*Cellco*")....................................................1, 2, 3, 4, 5, 6, 7, 8, 9

*Cincinnati Ins. Co. v. Eastern Atl. Ins. Co.,*
   260 F.3d 742 (7th Cir. 2001)..................................................................8

*Comcast Corp. v. FCC,*
   600 F.3d 642 (D.C. Cir. 2010).................................................................3

*Comty. Television, Inc. v. FCC,*
   216 F.3d 1133 (2000)...........................................................................9, 10

*Env. Def. Fund, Inc. v. EPA,*
   898 F.2d 183 (D.C. Cir. 1990)................................................................5

*FCC v. Sanders Bros. Radio Station,*
   309 U.S. 470 (1940)............................................................................7

*Getty v. Fed. Sav. & Loan Ins. Corp.,*
   805 F.2d 1050 (D.C. Cir. 1986)..............................................................8

*MCI Telecomm. Corp. v. AT&T,*
   512 U.S. 218 (1994)...........................................................................9, 10

*Motion Picture Ass'n of America, Inc. v. F.C.C.,*
   309 F.3d 796 (D.C. Cir. 2002) ("*MPAA*")................................................1, 4

*North Carolina v. EPA,*
   531 F.3d 896 (D.C. Cir. 2008)................................................................11

*Peoples Broad. Co. v. United States,*
   209 F.2d 286 (D.C. Cir. 1953)................................................................9

*SEC v. Chenery,*
   318 U.S. 80 (1943).............................................................................5

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*The Business Roundtable v. S.E.C.*,
905 F.2d 406 (D.C. Cir. 1990)..................................................................5

**STATUTES**

47 U.S.C.
§ 303 & (r) ..........................................................................................4
§ 303(b)....................................................................5, 7, 8, 9, 10
§ 303(r) ....................................................................................2, 4, 8
§ 316........................................................................................2, 8, 9, 10

**OTHER AUTHORITIES**

47 C.F.R. §§ 8.3, 8.5 ...........................................................................6

# GLOSSARY

| | |
|---|---|
| Act | Communications Act of 1934, as amended |
| Commission | Federal Communications Commission |
| Data Roaming Order | *In the Matter of Reexamination of Roaming Obligations of Commercial Mobile Radio Service Providers and Other Providers of Mobile Data Services*, 26 FCC Rcd 5411 (2011) |
| Data Roaming Rule | 47 C.F.R. § 20.12 |
| FCC or Commission | Federal Communications Commission |
| FCC Br. | Brief of the Federal Communications Commission and the United States of America (September 10, 2012) |
| MetroPCS | MetroPCS Communications, Inc. and its wireless affiliates (MetroPCS 700 MHz, LLC; MetroPCS AWS, LLC; MetroPCS California, LLC; MetroPCS Florida, LLC; MetroPCS Georgia, LLC; MetroPCS Massachusetts, LLC; MetroPCS Michigan, Inc.; MetroPCS Networks California, LLC; MetroPCS Networks Florida, LLC; MetroPCS Texas, LLC; and MetroPCS Wireless, Inc.) |
| MetroPCS Br. | Initial Separate Brief Of Appellants/Petitioners MetroPCS Communications, Inc. *et al.* (filed July 2, 2012). |
| Mobile Internet Providers | Mobile wireless broadband Internet access providers |
| Mobile Internet Service | Mobile wireless broadband Internet access service |

-iv-

Mobile Internet Rules     47 C.F.R. §§ 8.1, 8.3. 8.5(b)

Order                     *In the Matter Of Preserving The Open Internet*, 25 FCC Rcd 17905 (2010)


## STATUTES AND REGULATIONS

Applicable statutes and regulations appear in the Statutory Appendix of the Joint Brief of Verizon and MetroPCS, *Verizon v. FCC*, No. 11-1355.

## SUMMARY OF ARGUMENT

In its opening separate brief, MetroPCS demonstrated that the FCC does not have unbounded power under Title III of the Communications Act to regulate Mobile Internet Providers according to its conception of the public interest. The public interest is the *standard* that governs the Commission's exercise of enumerated statutory powers; it is not an independent *source* of Commission power to regulate aspects of wireless radio communications that are otherwise not authorized by statute (such as Mobile Internet Service). "The FCC cannot act in the 'public interest' if the agency does not otherwise have the authority to promulgate the regulations at issue." *Motion Picture Ass'n of America, Inc. v. F.C.C.*, 309 F.3d 796, 806 (D.C. Cir. 2002) ("*MPAA*"). Accordingly, as this Court recently affirmed, "the Commission may not rely on Title III's public-interest provisions without mooring its action to a distinct grant of authority in that Title." *Cellco P'ship v. FCC*, No. 11-1135, 2012 WL 6013416, at *5 (DC Cir. Dec. 4, 2012) ("*Cellco*"). The Commission's Mobile Internet Rules are completely unmoored from the statute and thus cannot survive.

The Commission's brief in opposition is telling for what it does not do. It fails to reconcile its Mobile Internet Rules with the requirement that the Commission promulgate only regulations or license conditions "necessary to carry

out the provisions of this chapter." 47 U.S.C. § 303(r).  It never confronts the limitations on its statutory power recognized by this Court.  It declines to defend the Order on its own terms, impermissibly attempting to smuggle in statutory grounds that the Commission never invoked and that cannot sustain the Mobile Internet Rules in any event.  And it summarily invokes its license-modification power under 47 U.S.C. § 316, but never addresses (and thus must be deemed to concede) MetroPCS' arguments that section 316 is not an independent source of substantive statutory authority.  Furthermore, while section 316 permits the Commission in some circumstances to exercise its delegated statutory powers to modify licenses, the Commission cannot (as it attempts to do here) fundamentally change terms of the license in the guise of modifying it.  *Cellco,* at *7.  Because the Commission cannot tie its Mobile Internet Rules to specific Title III authority, as this Court requires, *id.* at *5, and because the change wrought by the Mobile Internet Rules is too fundamental to be deemed a modification, this Court must vacate those Rules.

## ARGUMENT

## I. THE COMMISSION CAN ONLY REGULATE IN THE PUBLIC INTEREST WHEN IT EXERCISES SPECIFIC DELEGATED STATUTORY AUTHORITY.

The Commission devotes the bulk of its Title III argument to reciting statements from various decisions in an effort to characterize the Act's public-interest standard as "expansive," "comprehensive" and "a supple instrument for the exercise of discretion by the expert body which Congress has charged to carry out its legislative policy." FCC Br. 44 (quoting *NBC v. United States*, 319 U.S. 190, 216 (1943), and *FCC v. Pottsville Broad. Co.*, 309 U.S. 134, 137-38 (1940)). But "the allowance of wide latitude in the exercise of delegated powers is not the equivalent of untrammeled freedom to regulate activities over which the statute fails to confer ... Commission authority." *Comcast Corp. v. FCC*, 600 F.3d 642, 661 (D.C. Cir. 2010) (internal quotation marks and brackets omitted).

"Title III does not 'confer unlimited power,'" *Cellco* at *5, and the public interest is the standard that governs the Commission's exercise of delegated authority, not a standalone source of authority. The provision governing FCC regulations and licensing conditions declares "that the Commission from time to time, as public convenience, interest, or necessity requires, shall ... [m]ake such rules and regulations and prescribe such restrictions and conditions, not inconsistent with law, as may be necessary to carry out the provisions of this

-3-

chapter ...." 47 U.S.C. § 303 & (r). Thus, the Commission may promulgate Title III regulation or impose conditions on spectrum licensees only when (1) "necessary to carry out the provisions of this chapter" *and* (2) the "public convenience, interest, or necessity requires." *Id.* Both prongs must be met. The Commission cannot dispense with the first of these prerequisites in adopting any Title III regulation or license condition regardless of whether the regulation advances the public interest. As this Court, faithful to the Title III scheme, stated, "[t]he FCC cannot act in the 'public interest' if the agency does not otherwise have the authority to promulgate the regulations at issue," *MPAA* at 806, and "may not rely on Title III's public-interest provisions without mooring its action to a distinct grant of authority in that Title," *Cellco* at *5 (citing *MPAA*).

## II.  THE COMMISSION LACKS SPECIFIC TITLE III AUTHORITY TO PROMULGATE THE MOBILE INTERNET RULES.

The Commission attempts to wriggle free of the *MPAA* rule affirmed in *Cellco* by claiming that "the Mobile Internet Rules are – unlike those at issue in *MPAA* – authorized directly by statute, including Sections 303(b) and 316." FCC Br. 47. Analysis reveals that those statutory provisions do not avail the Commission.

## A. Section 303(b) Cannot Sustain The Mobile Internet Rules.

The Commission did not even cite section 303(b) in the Order, and thus cannot rely upon that provision to defend the Order. *The Business Roundtable v. S.E.C.*, 905 F.2d 406, 417 (D.C. Cir. 1990); *Env. Def. Fund, Inc. v. EPA*, 898 F.2d 183, 189 (D.C. Cir. 1990); *see generally SEC v. Chenery*, 318 U.S. 80, 92-95 (1943). Moreover, section 303(b) only authorizes the Commission to "[p]rescribe the nature of the service to be rendered by" radio stations, 47 U.S.C. § 303(b), and is not proper authority for the Mobile Internet Rules. The power granted is simply to prescribe the nature of the service the license may offer. The FCC can, for example, declare that the licensee may provide AM radio service, FM radio service, or broadband radio service, and within such general categories it may "define[] the form of ... service" the carrier shall offer. *Cellco* at *6. Thus, in *Cellco*, the Court upheld the Data Roaming Order because the Commission had explicitly relied on section 303(b) in requiring wireless carriers to offer data roaming service as part of private mobile-data service, and this Court properly interpreted the Data Roaming Order to prescribe "'the nature of the service to be rendered' by entities licensed to provide mobile-data service." *Id*. Notably, Verizon already offered mobile-data service to its own customers, and thus the Commission was well within its rights to prescribe that Verizon offer the same form of service to roaming customers of other networks. Clearly, the Data

-5-

Roaming Order did not make "fundamental changes" to the terms of the existing licenses, for it "require[d] nothing more than the offering of 'commercially reasonable' roaming agreements," which Verizon had claimed was its normal policy and practice. *Id.* at *7, *12.

The Commission deems MetroPCS inconsistent for defending the Data Roaming Order under 303(b) and resisting the Order here. FCC Br. 48. But here, the FCC went far beyond prescribing the *nature* of service to be offered to customers. The Mobile Internet Rules alter key network operations and implement an open-access regime for non-paying third parties by (1) imposing mandatory disclosures of network management practices, network performance, and commercial terms; (2) prohibiting the blocking of certain websites and applications; and (3) restricting carriers to what, in the FCC's judgment, constitutes reasonable network management practices. 47 C.F.R. §§ 8.3, 8.5.

Importantly, the FCC concedes that the Mobile Internet Rules did not change the nature of the licensee's service. *See id.* at 47 ("Verizon's licenses entitle it to provide mobile communications services, and Verizon may still provide the *same wireless services* over the same frequencies to the same customers") (emphasis added). Section 303(b)'s grant of authority to the Commission merely to "prescribe the nature of service" licensees may offer cannot

be read so expansively to sweep in virtually any regulation of wireless carrier networks and business practices connected with that service; this would constitute unbounded Title III power by another name, which this Court directly rejected in *Cellco* at *5.

Such regulations are not only outside the purview of section 303(b), but they are exactly the kind of general regulation of a carrier's business that the Supreme Court declared inimical to the Title III scheme in *FCC v. Sanders Bros. Radio Station*, 309 U.S. 470, 474 (1940). Noting that the Title III licensing system is one of "free competition," *id.* at 474, the Supreme Court declared that under Title III "[t]he Commission is given no supervisory control of the programs, of business management, or of policy." *Id.* at 475. In the case of MetroPCS, the Mobile Internet Rules mean that the company must alter its business plan and networks to conform to the Commission's conceptions of Internet regulation. Nonetheless, the Commission declines to state its interpretation of *Sanders*, saying only that it does not "mean that the FCC cannot impose any regulation *affecting* a licensee's business." FCC Br. 46-47 (emphasis added). This may be true, but the Commission cannot (in the absence of specific statutory authority) make the licensee's business the *object* of its regulation: "the Commission lacks a general mandate to regulate a licensee's business separate and apart from the authority

-7-

otherwise conferred by Title III." *Cellco* at *6 (discussing *Sanders*).  Yet that is

what the *ultra vires* Mobile Internet Rules do.

## B. Section 316 Does Not Apply And Would Not Authorize These Fundamental Changes To Network Access Practices.

The Commission also seeks to invoke its license-modification power under

section 316, 47 U.S.C. § 316, but its analysis of that provision is scant.  The

Commission nowhere answers MetroPCS' arguments that (1) section 316 is not an

independent source of statutory authority; (2) general rulemakings can only modify

a license if grounded in specific statutory authority; (3) under Commission

precedent, a rule that affects all licenses within a class is not a section 316

modification; and (4) a rule that affects existing and future licensees alike cannot

be defended solely on the basis of section 316.  MetroPCS Br. 16-19.   By failing

to address these arguments, the Commission is deemed to concede them.  *See Getty*

*v. Fed. Sav. & Loan Ins. Corp.*, 805 F.2d 1050, 1056 (D.C. Cir. 1986); *Cincinnati*

*Ins. Co. v. Eastern Atl. Ins. Co.*, 260 F.3d 742, 746 (7th Cir. 2001).

In any event, *Cellco* knocks the legs out from under the Commission's

section 316 argument.  First, the Court did not accept section 316 as a separate

source of regulatory authority; rather, it held only that the Data Roaming Order

found support in section 316 "taken together with" section 303(b), the explicit

source of substantive authority for the data-roaming rule, and "section 303(r),

which supplements the Commission's ability to carry out its mandates via rulemaking even if it confers no independent authority." *Cellco* at *6.

Thus, when the Commission exercises one of its substantive regulatory powers to promulgate rules that would modify license terms (such as prescribing the nature of services pursuant to section 303(b)), the Commission may accomplish that modification only by invoking its section 316 power in tandem with that substantive grant. But even then the power of license modification under section 316 is only a power "to change moderately or in minor fashion," *MCI Telecomm. Corp. v. AT&T*, 512 U.S. 218, 225 (1994), and "the Commission's section 316 power to modify existing licenses does not enable it to fundamentally change those licenses." *Cellco* at *7. The Mobile Internet Rules are not a minor change kindred to the Data Roaming Order (which involved "a limited obligation to offer data-roaming agreements to other mobile-data providers," *id.*, something Verizon already did voluntarily, *id.* at *7, and which did not involve services different from those Verizon offered to its own customers).

Nor are the rule changes here comparable to the permissible section 316 modifications that this Court upheld in *Peoples Broad. Co. v. United States*, 209 F.2d 286, 287 (D.C. Cir. 1953), which required a broadcaster to shift to a different channel, or *Comty. Television, Inc. v. FCC*, 216 F.3d 1133 (2000), where

-9-

incumbent broadcasters were granted an additional transitional digital television channel but "[b]roadcasters will begin and end the transition period broadcasting television programming to the public under very similar terms," *id.* at 1141. In stark contrast, the Mobile Internet Rules constitute a sea change in the regulatory regime. One hundred percent of Mobile Internet Providers that offer a formerly *unregulated* information service are now subject to intrusive disclosure, no-blocking, and network-management regulations that deprive them of the freedom to control their competitive offerings and network access. The Mobile Internet Rules are thus more like the order at issue in *MCI* – where the abandonment of tariff regulation (even for only 40% of industry sector) changed "a scheme of rate regulation in long-distance common-carrier communications to a scheme of rate regulation only where effective competition does not exist," 512 U.S. at 231-32. Just as the detariffing rules were too fundamental to qualify as a modification, so too are the Mobile Internet Rules.

In sum, section 303(b) does not authorize the Commission to impose the Mobile Internet Rules on new licensees, but, even if it did, they cannot be applied to existing licensees under section 316 because doing so would impermissibly modify the license in a fundamental way.

-10-

Finally, the FCC does not contest (and thus concedes) that if the fixed broadband rules fall, so do the wireless rules. *North Carolina v. EPA*, 531 F.3d 896, 929 (D.C. Cir. 2008); MetroPCS Br. 19.

## **CONCLUSION**

For the reasons stated above, this Court should vacate the Order and the Mobile Internet Rules.

Respectfully submitted,

/s/ Stephen B. Kinnaird

Carl W. Northrop
Michael Lazarus
Andrew Morentz
TELECOMMUNICATIONS LAW
PROFESSIONALS PLLC
875 15th Street, NW, Suite 750
Washington, DC 20005
(202) 789-3120

Mark A. Stachiw
General Counsel, Secretary and
  Vice Chairman
METROPCS COMMUNICATIONS, INC.
2250 Lakeside Boulevard
Richardson, TX 75082
Telephone: (214) 570-5800

Stephen B. Kinnaird
      *Counsel of Record*
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC 20005
(202) 551-1842
stephenkinnaird@paulhastings.com

Attorneys for Appellants/Petitioners,
METROPCS COMMUNICATIONS, INC.;
METROPCS 700 MHZ, LLC;
METROPCS AWS, LLC;
METROPCS CALIFORNIA, LLC;
METROPCS FLORIDA, LLC;
METROPCS GEORGIA, LLC;
METROPCS MASSACHUSETTS, LLC;
METROPCS MICHIGAN, INC.;
METROPCS NETWORKS CALIFORNIA,
LLC;
METROPCS NETWORKS FLORIDA,
LLC;
METROPCS TEXAS, LLC; AND
METROPCS WIRELESS, INC.

December 21, 2012

## CERTIFICATE OF COMPLIANCE

I hereby certify that the text of the foregoing Reply Brief Of Appellants/Petitioners MetroPCS Communications, Inc. *et al.* contains no more than 2,249 words, as reported by the word processing system on which it was prepared, including footnotes and citations, and excluding the corporate disclosure statement, table of contents, table of citations, statement with respect to oral argument, any addendum containing statutes, rules or regulations, and any certificates of counsel, in compliance with FRAP Rule 32(a).

Respectfully submitted,

/s/ Stephen B. Kinnaird

Carl W. Northrop                                Stephen B. Kinnaird
Michael Lazarus                                 *Counsel of Record*
Andrew Morentz                                  PAUL HASTINGS LLP
TELECOMMUNICATIONS LAW                          875 15th Street, N.W.
PROFESSIONALS PLLC                              Washington, DC  20005
875 15th Street, NW, Suite 750                  (202) 551-1842
Washington, DC  20005                           stephenkinnaird@paulhastings.com
(202) 789-3120

                                                Attorneys for Appellants/Petitioners
                                                METROPCS COMMUNICATIONS, INC.;
Mark A. Stachiw                                 METROPCS 700 MHZ, LLC;
General Counsel, Secretary,                     METROPCS AWS, LLC;
 and Vice Chairman                              METROPCS CALIFORNIA, LLC;
METROPCS COMMUNICATIONS, INC.                   METROPCS FLORIDA, LLC;
2250 Lakeside Boulevard                         METROPCS GEORGIA, LLC;
Richardson, TX 75082                            METROPCS MASSACHUSETTS, LLC;
Telephone: (214) 570-5800                       METROPCS MICHIGAN, INC.;
                                                METROPCS NETWORKS CALIFORNIA,
                                                LLC;
                                                METROPCS NETWORKS FLORIDA,
                                                LLC;
                                                METROPCS TEXAS, LLC; AND
                                                METROPCS WIRELESS, INC.


December 21, 2012

-14-

## CERTIFICATE OF SERVICE

Pursuant to Rules 25(b) and (d) and 31 of the Federal Rules of Appellate Procedure, I hereby certify that I have this electronically filed the foregoing document "Reply Brief Of Appellants/Petitioners MetroPCS Communications, Inc. Et Al.." with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the CM/ECF system.  I further certify that six copies of the foregoing will be filed by hand with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit within two business days.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I certify further that I have directed that copies of the foregoing document be mailed by U.S. First-Class Mail to any persons who are not registered as CM/ECF users, unless another attorney representing the same party is receiving electronic service.

| | |
|---|---|
| Peter Karanjia<br>Jacob M. Lewis<br>Joel Marcus<br>Federal Communications Commission<br>Office of the General Counsel<br>445 12th Street, SW<br>Washington, DC 20554<br><br>*Counsel for the Federal<br>Communications Commission* | Catherine G. O'Sullivan<br>Robert J. Wiggers<br>Nickolai G. Levin<br>U.S. Department of Justice<br>(DOJ) Antitrust Division, Appellate<br>Section<br>Room 3224<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>*Counsel for United States of America* |

| | |
|---|---|
| James B. Ramsay<br>National Association of Regulatory<br>Utility Commissioners<br>1101 Vermont Avenue, N.W.<br>Suite 200<br>Washington, DC 20005<br><br>*Counsel for National Association of*<br>*Regulatory Utility Commissioners* | Genevieve Morelli<br>Independent Telephone &<br>Telecommunications Alliance<br>1101 Vermont Avenue, NW<br>Suite 501<br>Washington, DC 20005<br><br>*Counsel for Independent Telephone &*<br>*Telecommunications Alliance* |
| Harold J. Feld<br>Public Knowledge<br>1818 N Street, N.W.<br>Suite 410<br>Washington, DC 20036<br><br>*Counsel for Public Knowledge* | Henry Goldberg<br>Goldberg, Godles, Wiener & Wright<br>1229 19th Street, NW<br>Washington, DC 20036-2413<br><br>*Counsel for Open Internet Coalition* |
| David Bergmann<br>National Association Of State Utility<br>Consumer Advocates<br>3293 Noreen Drive<br>Columbus, OH 43215<br><br>*Counsel for National Association of*<br>*State Utility Consumer Advocates* | Brendan Daniel Kasper<br>Kurt Matthew Rogers<br>Vonage Holdings Corp.<br>23 Main Street<br>Homdel, NJ 07333<br><br>*Counsel for Vonage Holdings*<br>*Corporation* |
| E. Joshua Rosenkranz<br>Orrick, Herrington & Sutcliffe, LLP<br>51 West 52nd Street<br>New York, NY 10019-6142<br>TEL: (212) 506-5000<br><br>*Counsel for Venture Capital Investors* | Andrew Jay Schwartzman<br>2000 Pennsylvania Avenue, NW<br>Suite 4300<br>Washington, DC 20006<br>TEL: (202) 232-4300<br><br>*Counsel for Tim Wu* |
| Jeffrey J. Binder<br>Law Office of Jeffrey Binder<br>2510 Virginia Avenue, NW<br>Suite 1107<br>Washington, DC 20037<br><br>*Counsel for Vonage Holdings*<br>*Corporation* | Wesley G. Russell, Jr.<br>Office of the Attorney General<br>Commonwealth of Virginia<br>900 East Main Street<br>Richmond, VA 23219<br><br>*Counsel for the Commonwealth of*<br>*Virginia* |

| | |
|---|---|
| Ilya Shapiro<br>Cato Institute<br>1000 Massachusetts Ave., NW<br>Washington, DC 20036<br><br>*Counsel for Cato Institute* | John P. Elwood<br>Eric A. White<br>Vinson & Elkins LLP<br>2200 Pennsylvania Avenue, NW<br>Suite 500 West<br>Washington, DC 20037<br><br>*Counsel for TechFreedom, The Competitive Enterprise Institute, The Free State Foundation, and The Cato Institute* |
| Russell P. Hanser<br>Bryan N. Tramont<br>Wilkinson Barker Knauer, LLP<br>2300 N Street, N.W.<br>Suite 700<br>Washington, DC 20037<br><br>*Counsel for the National Association of Manufacturers* | David T. Goldberg<br>Donahue & Goldberg, LLP<br>99 Hudson Street, 8th Floor<br>New York, New York 10013<br>TEL: (212) 334-8813<br><br>*Counsel for Reed Hundt, Tyrone Brown, Michael Copps, Nicholas Johnson, Susan Crawford and The National Association of Telecommunications Officers and Advisors* |
| Randolph May<br>Free State Foundation<br>P.O. Box 60680<br>Potomac, MD 20859<br><br>*Counsel for Free State Foundation* | John Blevins<br>Loyola University New Orleans<br>College of Law<br>7214 St. Charles Ave., Box 901<br>New Orleans, LA 70118<br>TEL: (504) 861-5853<br><br>*Counsel for Internet Engineers And Technologists* |
| Quentin Riegel<br>National Association of Manufacturers<br>733 10th Street, N.W.<br>Suite 700<br>Washington, DC 20001<br><br>*Counsel for the National Association of Manufacturers* | Sam Kazman<br>Competitive Enterprise Institute<br>1899 L St., NW, Floor 12<br>Washington, D.C., 20036<br><br>*Counsel for Competitive Enterprise Institute* |

Kevin S. Bankston
Emma J. Llansó
Center For Democracy & Technology
1634 I Street, NW,Suite 1100
Washington, DC 20006
Tel: (202) 637-9800

*Counsel for the Center For Democracy*
*& Technology And Legal Scholars*

Respectfully submitted,


/s/ Stephen B. Kinnaird

Carl W. Northrop
Michael Lazarus
Andrew Morentz
TELECOMMUNICATIONS LAW
PROFESSIONALS PLLC
875 15th Street, NW, Suite 750
Washington, DC  20005
(202) 789-3120


Mark A. Stachiw
General Counsel, Secretary,
  and Vice Chairman
METROPCS COMMUNICATIONS, INC.
2250 Lakeside Boulevard
Richardson, TX 75082
Telephone: (214) 570-5800

Stephen B. Kinnaird
  *Counsel of Record*
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC  20005
(202) 551-1842
stephenkinnaird@paulhastings.com

Attorneys for Appellants/Petitioners
METROPCS COMMUNICATIONS, INC.;
METROPCS 700 MHZ, LLC;
METROPCS AWS, LLC;
METROPCS CALIFORNIA, LLC;
METROPCS FLORIDA, LLC;
METROPCS GEORGIA, LLC;
METROPCS MASSACHUSETTS, LLC;
METROPCS MICHIGAN, INC.;
METROPCS NETWORKS CALIFORNIA,
LLC;
METROPCS NETWORKS FLORIDA,
LLC;
METROPCS TEXAS, LLC; AND
METROPCS WIRELESS, INC.


December 21, 2012
LEGAL_US_E # 101871984.5

-19-